1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10

11  OTAY RIVER CONSTRUCTORS, a joint      )    Case No. 06cv2631 BTM (WMc)
    venture of THE WASHINGTON GROUP       )
    INTERNATIONAL, INC. and FLUOR         )    **ORDER GRANTING PLAINTIFF**
12  ENTERPRISES, INC.,                    )    **LEAVE TO AMEND COMPLAINT**
                                          )
13              Plaintiff,                )
                                          )
14  v.                                    )
                                          )
15  ZURICH AMERICAN INSURANCE             )
    COMPANY, an Illinois Corporation; and )
16  DOES 1 through 10, inclusive,         )
                                          )
17              Defendants.               )
                                          )
18  SOUTH BAY EXPRESSWAY, L.P., a         )
    California limited partnership,       )
19                                        )
                Defendant-In-Intervention )
20                                        )

21

22                          I.  **INTRODUCTION**

23          On September 20, 2007, Plaintiff Otay River Constructors("ORC") filed a motion for

24  leave to file a first amended complaint.  [Doc. Nos. 40 - 44.]  The motion was referred for

25  decision to Magistrate Judge McCurine.  [Doc. No. 45.]  The Court has carefully considered and

26  reviewed ORC's motion for leave to file a first amended complaint, Defendant-in-Intervention,

27  South Bay Expressway's ("SBX") opposition, and Plaintiff's reply, along with all accompanying

28  declarations.  Based upon documents submitted in this case, and for the reasons set forth below,

the Court **GRANTS** Plaintiff's motion for leave to file a First Amended Complaint ("FAC").

## II. <u>BACKGROUND</u>

On October 31, 2006, ORC filed a complaint alleging breach of insurance contract, breach of implied covenant of good faith and fair dealing, and declaratory relief in the Superior Court for the State of California, County of San Diego against Defendant Zurich American Insurance Company ("Zurich"). [Doc. No.1.]  This matter was removed to federal court by Zurich on November 30, 2006. *Id*.  The lawsuit, as filed, concerned coverage issues with respect to an ORC insurance claim for storm damage under a Builder's Risk Insurance Policy (the "Policy") issued by Zurich for the SR 125 South Project ( the "Project").  SBX, as the developer of the Project, was the named insured under the Policy.  ORC was an additional insured under the Policy. *Id*.

Due to the possibility that issues would arise regarding SBX's potential liability for deductible amounts owed to the insurance company over and above that owed by ORC, Zurich, ORC and SBX filed a joint motion permitting SBX to intervene as a party to ORC's action against Zurich on March 19, 2007.  [Doc. No.25.]  The joint motion was granted by U.S. District Judge Barry T. Moskowitz on March 22, 2007.  [Doc. No. 26.]

On April 24, 2007, Zurich, ORC and SBX made another joint motion entitled "Stipulation between Plaintiff and Defendant-in-Intervention Re Resolution of All Insurance Issues" which stated that "to avoid the necessity of further amendments to the pleadings as a result of SBX's intervention, ORC and SBX hereby . . . . empower[] [the Court] to resolve all disputes between ORC and SBX pertaining to the amount and/or apportionment of any deductible liability that may exist in connection with ORC's claim for insurance benefits under the Zurich policy which is the subject of this action."  [Doc. No. 29, 2:15-3:5.]  District Judge Barry T. Moskowitz granted the joint motion re: resolution of all insurance issues on May 8, 2007.  [Doc. No. 33.]

As a result of mediation before Justice Howard B. Weiner on 12, 2007, ORC and Zurich reached a settlement.  [Sonne Decl., 2:24.] On October 11, 2007, Zurich, ORC and SBX filed a joint motion to "stipulate and agree that the $1,950,000 Zurich American has agreed to pay will

1   be deposited by Zurich American in an interest bearing escrow account with Torrey Pines Bank

2   ("Escrow Agent") . . . until such time as the U.S. District Court for the Southern District of

3   California, in the Lawsuit issues an order for the release of the funds, or Otay and South Bay

4   provide Escrow Agent the joint instructions governing the distribution of the proceeds." [Doc.

5   No. 47.]

6                                    **III.  ARGUMENT**

7   **A.  ORC'S Proposed Amended Complaint**

8            ORC requests the filing of an amended and supplemental Complaint against SBX to

9   allege events and disputes that have arisen primarily between ORC and SBX since the filing of

10  the original complaint.  [Sonne Decl., 3:17-20.]  Specifically, ORC contends that following its

11  July 2007 settlement with Zurich, the original defendant in this action, SBX, as the defendant-in-

12  intervention, has repudiated any obligation to pay deductibles and insisted that the settlement

13  proceeds from Zurich be paid directly to SBX as opposed to ORC.  [Sonne Decl., 3:1-9.]

14           ORC's proposed amended complaint sets forth allegations concerning SBX's liability for

15  the Zurich deductible in excess of deductible limits as well as payment of settlement proceeds

16  now in escrow.  [Exh. A to Sonne Decl.]  ORC argues that an amendment to the Complaint

17  addressing payment of escrowed settlement funds is appropriate because SBX waived any right

18  to arbitrate the claim when it voluntarily consented to the Court's jurisdiction by intervening in

19  the action between ORC and Zurich as well as joining in a motion to place settlement proceeds

20  in escrow. [ORC Reply, 6:3-25.]

21  **B.  Southbay Expressway Objects To The Scope Of ORC's Proposed Amendment**

22           While SBX does not oppose ORC's motion to amend the complaint with respect to issues

23  concerning responsibility for deductible amounts, SBX does take issue with ORC's proposed

24  supplementation of the Complaint concerning the payment of escrowed settlement proceeds.

25  [SBX Opp'n, 1:8-10.]  Specifically, SBX argues that the scope of its intervention into the

26  original action between ORC and Zurich was limited and that SBX has not waived its right to

27  arbitrate any issues concerning payment of escrowed settlement funds.  [*Id*. at 16:4-17:16.]

28

### IV.  **STANDARD**

Federal Rule of Civil Procedure 15(a) provides that a party may amend its complaint once "as a matter of course" before a responsive pleading is served, or at any time within twenty days of service if it requires no response.  "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15 (a).

This Court notes that on several occasions, "the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F[ed]. R. Civ. P., by freely granting leave to amend when justice so requires." *DCD Programs, LTD. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1995)* (quoting *Gabrielson v. Montgomery Ward & Co., 785 F.2d 762, 765 (9th Cir. 1986)*) (quoting *Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973))* (citations omitted). "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981)* (citing *Rosenberg Brothers & Co. v. Arnold, 283 F.2d 406 (9th Cir. 1960)* (per curiam)).  Liberality in granting leave to amend pleadings is not dependent on whether amendment will add causes of action or parties; however, "it is subject to qualification that amendment not cause opposing party undue prejudice, is not sought in bad faith, and does not constitute an exercise in futility."  *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1981).

In *Foman v. Davis*, 371 U.S. 178 (1962), the United States Supreme Court held that leave to amend pleadings should be freely given in the absence of any apparent or declared reasons. The Court enunciated multiple factors a district court should consider when deciding whether to grant leave to amend, including:

> [U]ndue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment.

*Id.* at 182.

The Ninth Circuit rule allows amendments to pleadings absent a showing of the factors set forth in *Foman*.  *See Yakima Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241 (9th Cir. 1999).  However, not all the *Foman* factors are of equal weight.  *Eminence Capital*, 316 F.3d at 1052.  The consideration of prejudice to the opposing party carries the greatest weight.  *Id.* at 1051; *See also DCD Programs*, 833 F.2d at 186-87 (noting that the party opposing the amendment "bears the burden of showing prejudice").  Furthermore, absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend pleadings.  *Eminence Capital*, 316 F.3d at 1052.

## V.  DISCUSSION

### A.  Plaintiff Has Not Acted In Bad Faith, Nor Has Plaintiff Delayed

This Court does not find, nor is there any direct allegation, that Plaintiff's motion to amend is made in bad faith.  Further, Plaintiff's motion to amend was made in a timely manner after the settlement between Zurich and ORC changed the focus of the claims in this litigation.  Therefore, the anticipated discovery to be sought from the defendant-in-intervention in the case. [Doc. No. 40.]

### B.  The Amendment Will Not Unduly Prejudice SBX

In opposition to ORC's motion to amend, SBX has asserted its right to arbitration, which ORC contends has been knowingly waived by SBX.  The Court notes that SBX's ability to arbitrate the issue of escrowed settlement proceeds is a dispositive matter, first raised by SBX's opposition filed on November 1, 2007, and not within the scope of the District Court's earlier September 25, 2007 referral order.

The instant motion to amend is not the proper vehicle to compel issues to arbitration.  Moreover, the determination of whether there has been a waiver of the parties' arbitration agreement is beyond the scope of the Magistrate Judge's referral, which was expressly limited to "pretrial matter[s]" and thus, must ultimately be determined by Judge Moskowitz.  *See* Fed.R. Civ. P. 72; *see also* Doc. No. 45.  Accordingly, Judge McCurine does not reach the issue of whether there is a valid and enforceable arbitration agreement that has been waived.  This Court

1  does, however, find that SBX is not prejudiced by Plaintiff's proposed amendment.  In response

2  to Plaintiff's amended complaint, SBX is free to properly raise the issue of mandatory arbitration

3  for the district court's determination in a motion to compel arbitration, or where appropriate, in a

4  motion to dismiss under Federal Rule of Civil Procedure 12(b)(1).

5      **C.  Given Plaintiff's Contention That Defendant-In-Intervention Has Waived Its**

6  **Right To Arbitration, The Proposed Amendment Is Not Futile**

7          Where a court has determined that an arbitration clause is valid and covers Plaintiff's

8  proposed allegations, the court has discretion to deny a motion to amend because such

9  amendment would be futile inasmuch as the opposing party would be entitled to compel

10  arbitration.  *Halliburton & Assocs., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 444 (11th Cir.

11  1985) (where the court concluded that proposed claims were subject to arbitration, court properly

12  denied appellant's motion to amend complaint); *Adkins v. Labor Ready Inc*., 205 F.R.D. 460,

13  465 (S. D. W Va. 2001) (finding that where claims being added by proposed amendment to the

14  pleading are subject to arbitration, the proposed amendment is futile.)

15          As discussed in Subsection B above, Plaintiff argues that Defendant-in-Intervention has

16  affirmatively waived its right to arbitration by, among other things, intervening in the instant

17  action and jointly moving to place the Zurich settlement proceeds in escrow pending further

18  court order.  It cannot be said, therefore, that Plaintiff's proposed amendment is futile in light of

19  the waiver issue, which must be adjudicated by Judge Moskowitz*.  See e.g. Schultz v. AT&T*

20  *Wireless Servs., Inc*., 2005 WL 4859280 (N.D.W.Va. 2005) ("[T]his Court cannot conclude that

21  the plaintiff's amendment would be futile, as it raises substantive issues that this Court cannot

22  dismiss upon cursory review . . . . given the liberality rule, the plaintiff's motion for leave to file

23  a second amended complaint must be granted . . . . defendant should be given an opportunity to

24  file a renewed motion to dismiss or, alternatively, to stay and compel arbitration to address any

25  issues that arise form the plaintiff's second amended complaint."]

26  ///

27  ///

28  ///

## VI.  CONCLUSION AND ORDER THEREON

For the reasons discussed above, this Court finds that Plaintiff has engaged in no bad faith activity or undue delay in filing the motion at issue.  In addition, as discussed above, the Court finds that the amendment is not futile and will not significantly prejudice SBX.  Therefore, Plaintiff's motion to amend the complaint is hereby **GRANTED**.

**IT IS SO ORDERED.**

DATED:  November 14, 2007

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court

COPY TO:

HONORABLE BARRY T. MOSKOWITZ, U.S. DISTRICT JUDGE

ALL PARTIES AND COUNSEL OF RECORD

06cv2631 BTM (WMc)